Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (SBN 284280)
nneal@thePLClawgroup.com
Lauren K. McRae (SBN 331296)
lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:   (310) 400-5890
Facsimile:   (310) 400-5895
Attorneys for Plaintiffs,
**P.S., a Minor, by and through his Guardian Ad Litem, Aphrodite St. Ores, and R.R., a Minor, by and through his Guardian Ad Litem, Araceli Rodriguez**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.S., a Minor, by and through his Guardian Ad Litem, APHRODITE ST. ORES; and R.R., a Minor, by and through his Guardian Ad Litem, ARACELI RODRIGUEZ,<br><br>       Plaintiffs,<br>  vs.<br><br>CITY OF SAN FERNANDO; OFFICER SAUL GARIBAY; and DOES 1 through 10 inclusive,<br><br>       Defendants. | Case No.<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure (42 U.S.C. § 1983)<br>2. Excessive Force (42 U.S.C. § 1983)<br>3. Malicious Prosecution (42 U.S.C. § 1983)<br>4. Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)<br>5. Battery (Cal. Govt. Code §§ 815.2(a), 820(a))<br>6. Negligence (Cal. Govt. Code §§ 815.2(a), 820(a))<br>7. Intentional Infliction of Emotional Distress (Cal. Govt. Code §§ 815.2(a), 820(a))<br>8. Violation of California Bane Act (Cal. Civil Code §§ 52 and 52.1; Cal. Govt. Code §§ 815.2(a), 820(a)) |



---

1

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Plaintiffs P.S., a Minor, by and through his Guardian Ad Litem, APHRODITE ST. ORES, and R.R., a Minor, by and through his Guardian Ad Litem, ARACELI RODRIGUEZ complain of Defendants CITY OF SAN FERNANDO, OFFICER SAUL GARIBAY and DOES 1 through 10 inclusive, as follows:

## JURISIDICTION AND VENUE

1.      This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

2.      This court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3.      The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e).  This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIMS STATUTE REQUIREMENT

4.      On or about February 3, 2021, Plaintiffs P.S., a minor, by and through his Guardian Ad Litem, Aphrodite St. Ores, and R.R., a Minor, by and through his Guardian Ad Litem, Araceli Rodriguez, filed timely Governmental Claims for Damages with the City of San Fernando.  On or about February 11, 2021, said Claims for Damages were denied by the City of San Fernando.

## PARTIES

5.      At all relevant times herein, P.S., a Minor, by and through his Guardian Ad Litem, APHRODITE ST. ORES, (hereinafter referred to as "P.S." or "Plaintiff") was and is an individual residing in the City of San Fernando, County of Los Angeles, California.



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

6.      At all relevant times herein, APHRODITE ST. ORES was and is an individual residing in the City of San Fernando, County of Los Angeles, California and is the natural mother and Guardian Ad Litem of the Plaintiff, P.S.

7.      At all relevant times herein, R.R., a Minor, by and through his Guardian Ad Litem, ARACELI RODRIGUEZ, (hereinafter referred to as "R.R." or "Plaintiff") was and is an individual residing in the City of San Fernando, County of Los Angeles, California.

8.       At all relevant times herein, ARACELI RODRIGUEZ was and is an individual residing in the City of San Fernando, County of Los Angeles, California and is the natural mother and Guardian Ad Litem of the Plaintiff, R.R.

9.      At all relevant times herein, the San Fernando Police Department ("SFPD") was a department of the Defendant CITY OF SAN FERNANDO ("CITY"), a public entity duly organized and existing under the laws of the State of California, and was responsible for the hiring, retaining, training and supervision of the conduct, policies and practices of its employees and agents of the SFPD and all of its members, agents and employees.

10.     At all relevant times, Defendant OFFICER SAUL GARIBAY (hereinafter referred to as "Officer Garibay"), individually and as a peace officer, was a duly authorized employee and agent of CITY, who was acting under color of law, within the course and scope of his respective duties as a police officer and within the complete authority and ratification of his principal, Defendant CITY.

11.     At all relevant times, Defendant DOES 1-10 ("DOE Officers"), individually and as peace officers, were duly authorized employees and agents of CITY, who were acting under color of law, within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

12.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, individually and as peace officers, were acting on the implied and



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   actual permission and consent of the CITY.

2   13.    At all times mentioned herein, each and every CITY defendant was the agent

3   of each and every other CITY defendant and had the legal duty to oversee and

4   supervise the hiring, conduct and employment of each and every CITY defendant.

5   14.    Plaintiffs are unaware of the true names and capacities of those Defendants

6   named herein as DOES 1-10. Plaintiffs are informed and believe, and thereon allege

7   that these DOES 1-10 are legally responsible and liable for the incident, injuries,

8   and damages hereinafter set forth, and that each of said Defendants proximately

9   caused the injuries and damages by reason of negligent, careless, deliberately

10  indifferent, intentional, willful and wanton misconduct, including creating and

11  otherwise causing the incidents, conditions, and circumstances hereinafter set forth,

12  or by reason of direct or imputed negligence or vicarious fault or breach of duty

13  arising out of the matters herein alleged. Plaintiffs will amend this Complaint to set

14  forth said true names and identities of the unknown named DOE Defendants when

15  they are ascertained.

16  ## FACTS COMMON TO ALL COUNTS

17  15.    Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1-14 as

18  though set forth in full herein.

19  16.    On or about July 4, 2019 at approximately 10:00 p.m., P.S., R.R., Jonathan

20  Valdivia ("Mr. Valdivia") and Michael LNU ("Mr. LNU") (hereinafter collectively

21  referred to as "the group") went to San Fernando Park, located at 208 Park Avenue

22  in San Fernando, California, to walk Mr. Valdivia's dog. At the time, R.R. was

23  fourteen years old, P.S. was thirteen years old and Mr. Valdivia, who is R.R.'s older

24  brother, and Mr. LNU were both over the age of twenty-five.

25  17.    Upon arriving at the park, the group observed SFPD Officer Garibay

26  conducting a traffic stop towards the front area of the park. The group passed by

27  Officer Garibay's patrol vehicle and walked through the park.

28  18.    Soon after, Officer Garibay approached the group in his patrol vehicle and



4

---

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

asked if they were lighting fireworks. In reply, Mr. Valdivia told Officer Garibay that they were simply walking his dog and not lighting any fireworks.

19.     Next, Officer Garibay asked the group where they were going and coming from, and in response Mr. Valdivia asked Officer Garibay if they were being detained. Officer Garibay said they were not detained, so the group walked away.

20.     Officer Garibay then began closely tailing the group until they cut through the park.

21.     Shortly after, as the group was walking past the park's recreation center, Officer Garibay and DOE Officers 1-3 met the group head on in their SFPD patrol vehicles.

22.     The officers ordered the group to sit on the curb, and each group member readily complied.

23.     Mr. Valdivia began video-recording the incident with his cellphone. Mr. Valdivia told the officers not to interrogate R.R. or P.S., because they are minors. Mr. Valdivia also told the officers that he is R.R.'s older brother.

24.     At that point, Officer Garibay said the officers were going to take R.R. and P.S. into custody because it was after curfew. In reply, Mr. Valdivia told the officers that both R.R. and P.S. had permission from their parents to be out with him.

25.     Suddenly Officer Garibay grabbed R.R. as he sat on the curb, and a short struggle ensued.

26.     Meanwhile P.S., who was sitting on the curb about a foot away from R.R., stood up. Immediately thereafter, Officer Garibay grabbed P.S. and told DOE Officer 1 to handcuff R.R.

27.     Officer Garibay then pushed P.S. into a gate and violently threw him on the concrete ground. Officer Garibay applied extreme pressure to P.S.' neck and body and put P.S. in a chokehold. With P.S. lying face-forward on the ground, Officer Garibay forcefully pressed his knees into P.S.' back and handcuffed both of P.S.' hands behind his back.



28.     Next, DOE Officers 1 and 2 grabbed R.R. and stood him up. DOE Officer 1 had R.R. in a chokehold, as he, DOE Officer 2 and Officer Garibay violently tackled R.R. to the ground.

29.     Officer Garibay then directed his attention back to P.S. and forcefully applied pressure to P.S.' neck and back with his knees. P.S., who was still prone face-forward with hands cuffed behind back, begged Officer Garibay to get off of his neck and screamed, "That's too hard!" Officer Garibay shrugged and eventually yanked P.S. up from the ground.

30.     The officers searched P.S. and R.R., put them in the backseat of a patrol vehicle and transported them to the police station.

31.     P.S. and R.R. remained in handcuffs at the station for over an hour before being released to their mothers.

32.     With knowledge that their reports would be used by the San Fernando City Attorney's office when deciding to bring criminal charges against P.S. and R.R., the officers then made false statements in their reports to cover the fact that they violated P.S.' and R.R.'s rights by using excessive force and unlawfully arresting them.

33.     The City Attorney filed criminal charges against P.S. and R.R. for resisting arrest and assault on a peace officer based on the officers' false police reports. During P.S.' and R.R.'s criminal prosecution, under penalty of perjury, SFPD Officer(s) made further false statements to support the allegations that P.S. and R.R. resisted arrest and assaulted a peace officer. The statements were directly contradicted by indisputable evidence. Accordingly, the judge found P.S. and R.R. not guilty on all charges.

34.     As a result of the subject incident, P.S. and R.R. have suffered the following injuries: bruises, scratches, headaches, muscle pain, arm and shoulder pain, wrist pain, neck and back pain, facial pain and loss of liberty.

35.     Additionally, as a result of the subject incident, P.S., R.R. and Mr. Valdivia



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  have suffered and continue to suffer from severe emotional distress, mental anguish,
2  depression, anxiety, fear, paranoia and stress.

**FIRST CAUSE OF ACTION**

**Unreasonable Search and Seizure (42 U.S.C. § 1983)**

**(Against Defendants Officer Garibay and DOES 1-10, inclusive)**

36.   Plaintiffs incorporate by reference each and every allegation contained in the
foregoing paragraphs, as well as any subsequent paragraphs contained in the
Complaint, as if fully set forth herein.

37.   Defendants, individually and as peace officers, caused Plaintiffs to be
detained, arrested and searched in violation of their rights to be secure in their
persons against unreasonable searches and seizures as guaranteed to Plaintiffs under
the Fourth Amendment to the United States Constitution and applied to state actors
by the Fourteenth Amendment.

38.   Plaintiffs were detained, arrested and searched without a warrant, reasonable
suspicion or probable cause.

39.   As a result of Defendant Officers' aforesaid conduct, Plaintiffs have suffered
and continue to suffer from severe emotional distress, mental anguish, depression,
anxiety, fear, paranoia and stress.

40.   As a result of the conduct of Defendants, individually and as peace officers,
they are liable for Plaintiffs' injuries, either because they were integral participants
in the wrongful detentions and arrests, or because they failed to intervene to prevent
violations.

41.   The conduct of Defendants, individually and as peace officers, was willful,
wanton, malicious, and done with reckless disregard for the rights and safety of
Plaintiffs and therefore warrants the imposition of exemplary and punitive damages
as to Defendants.

42.   Plaintiffs seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.
///



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**

**Excessive Force (42 U.S.C. § 1983)**

**(Against Defendants Officer Garibay and DOES 1-10, inclusive)**

43.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

44.     Plaintiffs' right to be secure in their persons against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment, was violated when:

   a. Officer Garibay grabbed P.S., pushed him into a gate and violently threw him on the concrete ground;

   b. Officer Garibay applied extreme pressure to P.S.' neck and body and put P.S. in a chokehold;

   c. Officer Garibay forcefully pressed his knees into P.S.' neck and back and handcuffed him;

   d. Defendant Officers brutally grabbed R.R.; and

   e. DOE Officer 1 put R.R. in a chokehold, as he, DOE Officer 2 and Officer Garibay violently tackled R.R. to the ground and handcuffed him.

45.     Both prior to and during the time in which the Defendant Officers injured Plaintiffs, Plaintiffs posed no reasonable threat of violence or danger to the Defendant Officers or to any other individual. Furthermore, Plaintiffs made no aggressive movements, furtive actions or physical movements that would have suggested to a reasonable officer that Plaintiffs were armed with any kind of weapon, or had the will or the ability to inflict substantial bodily harm against any individual.

46.     Both prior to and during the time in which the Defendant Officers attacked

8

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

and injured Plaintiffs, Plaintiffs did not consent to the use of force used upon them. Moreover, Plaintiffs acted within their legal right to walk at the park with Mr. Valdivia and Mr. LNU, at the time they were approached by the Defendant Officers.

47.     As a result of Defendant Officers' use of excessive force, Plaintiffs suffered economic damages, as well as bruises, scratches, headaches, muscle pain, arm and shoulder pain, wrist pain, neck and back pain, facial pain and loss of liberty.

48.     Additionally, as a result of Defendant Officers' use of excessive force, Plaintiffs have suffered and continue to suffer from severe emotional distress, mental anguish, depression, anxiety, fear, paranoia and stress.

49.     As a result of the conduct of Defendant Officers, individually and as peace officers, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

50.     This use of force was excessive and unreasonable under the circumstances, especially since Plaintiffs had done nothing violent before, during or after being physically attacked by Defendant Officers.

51.     The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers, individually.

52.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

### Malicious Prosecution (42 U.S.C. § 1983)

### (Against Defendants Officer Garibay and DOES 1-10, inclusive)

53.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**



54.     Defendant Officers, while acting under color of law, deprived Plaintiffs of their right to be free from malicious prosecution.

55.     Defendant Officers contributed to, caused, and/or initiated a criminal prosecution against Plaintiffs with malice and/or with the purpose of depriving them of their constitutional rights. Defendant Officers did not have probable cause to arrest or prosecute Plaintiffs for resisting arrest or assault on a peace officer, and initiated prosecution for the purpose of evading civil liability. The prosecution ultimately terminated in Plaintiffs' favor, as they were found not guilty on all charges. Defendant Officers knew or should have known the initial detention and subsequent arrest of Plaintiffs lacked reasonable suspicion or probable cause, and that Plaintiffs were innocent.

56.     Plaintiffs bring this action under federal law. The constitutional source against malicious prosecution is primarily the due process clause of the Fourteenth Amendment, and Plaintiffs' due process rights were violated by the conduct alleged herein. Plaintiffs bring this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiffs' right to be free from malicious prosecution is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

57.     As a direct and proximate cause of the Defendant Officers' aforesaid conduct, individually and as a peace officers, Plaintiffs suffered economic damages, as well as bruises, scratches, headaches, muscle pain, arm and shoulder pain, wrist pain, neck and back pain, facial pain and loss of liberty. Additionally, Plaintiffs have suffered and continue to suffer from severe emotional distress, mental anguish, depression, anxiety, fear, paranoia and stress.

58.     The conduct of Defendant Officers, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to each individual Defendant Officer.

59.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION

### Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983) (Against Defendant CITY)

60.     Plaintiffs incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

61.     Defendant CITY is, and at all times herein mentioned has been, a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SFPD and its tactics, methods practices, customs and usages.

62.     At all times herein mentioned, Defendant Officers and each of them, were employees acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied and enforced the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Said customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers, who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace deputies for the CITY.

63.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY include, but are not limited to:

        a.   Searching, detaining and/or arresting civilians without proper legal



---

11

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

justification;

b. Using excessive force against civilians;

c. Physically restraining civilians not reasonably suspected to be armed and dangerous;

d. Fabricating probable cause and falsifying police reports in order to subject civilians to false arrest and malicious prosecution;

e. Failing to intervene when fellow officers' abuse the rights of civilians;

f. Refusing to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY and SFPD employees;

g. Reprimanding, threatening, intimidating, demoting and firing employees who reported acts of abuse by other CITY and SFPD employees;

h. Covering up acts of misconduct and abuse by CITY and SFPD employees and thereby sanctioning a code of silence by and among SFPD Officers;

i. Failing to adequately supervise the actions of employees under its control;

j. Failing to adequately train, supervise, and control SFPD officers in conducting searches without a warrant, probable cause or reasonable suspicion;

k. Failing to adequately train, supervise, and control SFPD officers in making detentions based on reasonable suspicions;

l. Failing to adequately train, supervise, and control SFPD officers in making arrests based on probable cause;

m. Failing to adequately train, supervise, and control SFPD officers regarding uses of force;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**



n.  Refusing to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct; and

o.  Tacitly condoning and encouraging use of excessive force on civilians.

64.  Defendant CITY's misconduct alleged herein is part of a practice and pattern of the CITY's unlawful mistreatment and criminalization of Hispanic males.

65.  The following list exemplifies the aforementioned policies, customs, practices and usages of Defendants CITY, vis-à-vis its police department:

a.  In December 2018, Maria Garcia filed a lawsuit against the CITY for excessive force, illegal search and seizure, battery and negligence,   as a result of SFPD officers' unlawful killing of her son. According to the complaint, SFPD had previous contact with the decedent and had documented reports of his mental illness. Nonetheless, SFPD officers discharged multiple shots at the decedent, within three seconds of entering his apartment. According to the complaint, there was no evidence of any weapon being used by the decedent at the time he was shot and killed.

b.  In December 2016, Armando Sandoval filed a lawsuit against the CITY and SFPD alleging false arrest, battery and violation of his rights under the Bane Act, among other claims. Sandoval's complaint alleged SFPD was aware of his political activism related to shedding light on the SFPD Chief of Police's financial interest in the CITY's contracted towing company and formed a conspiracy to retaliate against him for that activity in conscious disregard of his rights and safety. According to the complaint, as part of an ongoing plan and pattern of retaliation against Sandoval, SFPD officers intentionally harassed and intimidated Sandoval whenever possible, including by detaining and arresting him without cause on April 28, 2015 and unlawfully confiscating his valid



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

California driver's license.

c. In December 2015, Rosa Castro filed a lawsuit against the CITY and SFPD for unreasonable search and seizure, negligence, intentional infliction of emotion distress, as well as violation of rights under the Bane Act, *Monell*[1] and Fourteenth Amendment, among other claims. Castro alleged SFPD officers unlawfully arrested her when responding to a possible domestic dispute. Castro further alleged that after transporting her to the station, the arresting officers demanded that she expose her breasts and genitals and then took photographs, despite the fact doing so was not necessary or related to any investigation or charge of domestic violence.

d. In March 2015, Rebecca Lopez and Jose Lopez filed a lawsuit against the CITY for SFPD officers' unlawful killing of their son. The complaint included claims for excessive force, intentional infliction of emotional distress and violations of decedent's rights under *Monell*[2] and the Bane Act, among other claims. According to the complaint, at no point did the decedent pose any reasonable threat of violence to the officers or to any individual.

e. In 2013, the CITY agreed to pay SFPD Sergeant Nichole Hanchett $800,000 to settle a lawsuit wherein she asserted claims for retaliation and gender discrimination. Hanchett's lawsuit indicated a pattern of internal review within the department and practice of officers covering up for each other. Hanchett's lawsuit further alleged the CITY contracts with an investigation company that will give the CITY their desired outcome. The complaint referenced an incident involving Everardo Jaramillo Reynaga, an inmate at the CITY's jail, who according the

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).
[2] *Id.*

**PLAINTIFFS' COMPLAINT FOR DAMAGES**



SFPD officers, committed suicide on June 11, 2011, by constructing a noose from bedsheets in his cell, hanging himself from the ceiling of his jail cell. Ultimately, Reynaga's death was ruled a suicide. Hanchett's lawsuit, however, claimed Reynaga was not checked on, per department policy, and the jail logbook was falsified to make it appear that proper checks were conducted. No action was taken against the officer involved in falsifying the jail log, according to the lawsuit.

66.   On information and belief, Defendant Officers attended training programs related to use of force prior to the incident with Plaintiffs.

67.   On information and belief, Defendant Officers attended training programs related to investigation of crimes and lawful searches and seizures prior to the incident with Plaintiffs.

68.   Despite Defendant Officers receiving training that was designed to prevent the conduct described in this Complaint, Defendant Officers violated Plaintiffs' constitutional rights as described in this Complaint.

69.   Prior to the incident, Defendant CITY knew that its training program was insufficient to prevent the type of civil rights violations Plaintiffs suffered but did nothing to prevent said misconduct. Defendant CITY had knowledge, prior to and since this incident, of similar allegations of illegal searches and seizures, wrongful battery, dishonesty and improper tactics, and corruption by SFPD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce or establish administrative procedures to ensure public safety and the protection of civilians' rights.

70.   The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused Plaintiffs to be subjected to the unconstitutional acts of Defendant Officers on July 4, 2019.

71.   By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States



Constitution were violated.

## FIFTH CAUSE OF ACTION

### Battery (Cal. Govt. Code §§ 815.2(a), 820(a))

### (Against all Defendants)

72.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

73.    Defendant Officers, individually and as a peace officers, while working as a police officers for the SFPD, and acting within the course and scope of their duties, battered Plaintiffs when:

      a.   Officer Garibay grabbed P.S., pushed him into a gate and violently threw him on the concrete ground;

      b.   Officer Garibay applied extreme pressure to P.S.' neck and body and put P.S. in a chokehold;

      c.   Officer Garibay forcefully pressed his knees into P.S.' neck and back and handcuffed him;

      d.   Defendant Officers brutally grabbed R.R.; and

      e.   DOE Officer 1 put R.R. in a chokehold, as he, DOE Officer 2 and Officer Garibay violently tackled R.R. to the ground and handcuffed him.

74.    Both prior to and during the time in which P.S. and R.R. were battered, P.S. and R.R. did not commit a crime, were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers, nor to any other individual. When they were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that either of them had the will or ability to inflict bodily harm against any individual.

75.    As a direct and proximate cause of the Defendant Officers' aforesaid conduct,



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1 individually and as a peace officers, Plaintiffs suffered economic damages, as well

2 as bruises, scratches, headaches, muscle pain, arm and shoulder pain, wrist pain,

3 neck and back pain, facial pain and loss of liberty. Additionally, Plaintiffs have

4 suffered and continue to suffer from severe emotional distress, mental anguish,

5 depression, anxiety, fear, paranoia and stress.

6 76.    As a result of their conduct, Defendants are liable for Plaintiffs' injuries,

7 either because they were integral participants in the misconduct, or because they

8 failed to intervene to prevent these violations.

9 77.    CITY is vicariously liable for the wrongful acts of Defendant Officers, as

10 peace officers, pursuant to Section 815.2(a) of the California Government Code,

11 which provides that a public entity is liable for injuries caused by its employees

12 within the scope of their employment if the employee's act would subject him or her

13 to liability.

14 78.    The conduct of Defendant Officers was malicious, wanton, oppressive, and

15 accomplished with a conscious disregard for the rights of Plaintiffs, entitling

16 Plaintiffs to an award of exemplary and punitive damages as to each individual

17 Defendant.

18 **SIXTH CAUSE OF ACTION**

19 **Negligence (Cal. Govt. Code §§ 815.2(a), 820(a))**

20 **(Against all Defendants)**

21 79.    Plaintiffs incorporate by reference each and every allegation contained in the

22 foregoing paragraphs, as well as any subsequent paragraphs contained in the

23 Complaint, as if fully set forth herein.

24 80.    Plaintiffs are informed and believe and thereupon allege that Defendant

25 Officers, and each of them, failed to exercise reasonable and ordinary care in

26 committing the acts alleged herein, by actions and inactions which include, but are

27 not limited to, negligently detaining, handcuffing and arresting Plaintiffs without

28 reasonable suspicion or probable cause to believe that Plaintiffs had or were

**PLAINTIFFS' COMPLAINT FOR DAMAGES**



committing a crime, negligently using excessive and unreasonable physical force against Plaintiffs, when the same was unnecessary and unjustified, negligently searching Plaintiffs without reasonable suspicion or probable cause to believe Plaintiffs were armed or dangerous, negligently failing to intercede when fellow Defendant Officers violated Plaintiffs' constitutional rights, as well as negligently supervising, training and disciplining subordinate officers. All of these negligent acts proximately caused severe injuries to Plaintiffs, as described herein.

81.    As a direct and proximate cause of the Defendant Officers' aforesaid conduct, individually and as a peace officers, Plaintiffs suffered economic damages, as well as bruises, scratches, headaches, muscle pain, arm and shoulder pain, wrist pain, neck and back pain, facial pain and loss of liberty. Additionally, Plaintiffs have suffered and continue to suffer from severe emotional distress, mental anguish, depression, anxiety, fear, paranoia and stress.

82.    CITY is vicariously liable for the wrongful acts of Defendant Officers, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

83.    The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages as to each individual Defendant.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress (Cal. Govt. Code §§ 815.2(a), 820(a))

### (Against all Defendants)

84.    Plaintiffs incorporate by reference and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

85.    Defendant Officers' actions and inactions detailed above, including but not

18

**PLAINTIFFS' COMPLAINT FOR DAMAGES**



limited to, unjustifiably searching and seizing Plaintiffs, using excessive force against Plaintiffs, falsifying police reports and subjecting Plaintiffs to malicious prosecution, were done either with the intent to cause emotional distress or with reckless disregard of the probability of causing such emotional distress.

86.    As a direct and proximate cause of the Defendant Officers' aforesaid conduct, individually and as a peace officers, Plaintiffs have suffered and continue to suffer from severe emotional distress, mental anguish, depression, anxiety, fear, paranoia and stress. Defendant Officers' conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

87.   As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

88.    CITY is vicariously liable for the wrongful acts of Defendant Officers, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

89.    The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages as to each individual Defendant.

**EIGHTH CAUSE OF ACTION**

**Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1;**

**Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against all Defendants)**

90.    Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

91.     As alleged herein, Defendant Officers intentionally interfered, by way of intimidation and coercion, with Plaintiffs' rights under state and federal laws and under the state and federal constitutions including, without limitation, their rights to be free from unreasonable searches and seizures, their rights to due process, and their rights to bodily integrity, including rights under the Fourth and Fourteenth Amendments to the United States Constitution, and rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

92.     As a direct and proximate cause of the Defendant Officers' aforesaid conduct, individually and as a peace officers, Plaintiffs suffered economic damages, as well as bruises, scratches, headaches, muscle pain, arm and shoulder pain, wrist pain, neck and back pain, facial pain and loss of liberty. Additionally, Plaintiffs have suffered and continue to suffer from severe emotional distress, mental anguish, depression, anxiety, fear, paranoia and stress.

93.     As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

94.     CITY is vicariously liable for the wrongful acts of Defendant Officers, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

95.     The conduct of Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages as to each individual Defendant.

96.     Plaintiffs seek statutory damages under California Civil Code §52.1(i), as well as compensatory and punitive damages according to proof.

///



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request relief as hereinafter provided.

1.     For compensatory (or general) damages in an amount to be proven at trial;

2.     For punitive damages against the individual defendants in an amount to be proven at trial;

3.     For prejudgment interest;

4.     For an award of special damages in the amount to be proven at trial;

5.     For reasonable costs of this suit incurred herein;

6.     For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 & Civ. Code § 52.1(i) and costs as provided by law; and

7.     For such further other relief as the Court may deem just, proper and appropriate.

Dated: June 16, 2021                    **PLC LAW GROUP, APC**

                                        _/s/ Lauren K. McRae_
                                        Peter L. Carr, IV
                                        Na'Shaun L. Neal
                                        Lauren K. McRae
                                        Attorneys for Plaintiffs P.S., a Minor,
                                        by and through his Guardian Ad Litem,
                                        Aphrodite St. Ores, and R.R., a Minor,
                                        by and through his Guardian Ad Litem,
                                        Araceli Rodriguez



**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby respectfully demand a trial by jury on all issues and claims.

Dated: June 16, 2021

**PLC LAW GROUP, APC**

*<u>/s/ Lauren K. McRae</u>*
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiffs P.S., a Minor,
by and through his Guardian Ad Litem,
Aphrodite St. Ores, and R.R., a Minor,
by and through his Guardian Ad Litem,
Araceli Rodriguez



**PLAINTIFFS' COMPLAINT FOR DAMAGES**