1   DANIEL S. ALDERMAN (SBN: 124133)
2   dalderman@ahcalaw.com
    ALLISON R. HILGERS (SBN: 228862)
3   ahilgers@ahcalaw.com
    **ALDERMAN & HILGERS, LLP**
4   1150 S. Olive Street, Suite 1800
    Los Angeles, CA 90015
5   Telephone: (213) 992-8206
    Facsimile: (213) 992-3272
6
    Attorneys for Defendants, CITY OF SAN FERNANDO and OFFICER SAUL
7   GARIBAY

8

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11

12  P.S., a Minor, by and through his         ) **CASE NO.:** 2:21-cv-04918 PA (PVCx)
    Guardian Ad Litem, APRHODITE ST.          )
13  ORES; and R.R., a Minor, by and through)
    his Guardian Ad Litem, ARACELI            ) **DEFENDANTS CITY OF SAN**
14  RODRIGUEZ,                                 ) **FERNANDO AND OFFICER SAUL**
                                               ) **GARIBAY'S ANSWER TO**
15                 Plaintiffs,                 ) **PLAINTIFFS' COMPLAINT**
                                               )
16  v.                                         ) **DEMAND FOR JURY TRIAL**
                                               )
17  CITY OF SAN FERNANDO; OFFICER             ) Complaint filed: 6/14/21
18  SAUL GARIBAY, et al.,                      )
                                               )
19                 Defendants,                 )
    _____

20

21

22      Defendants City of San Fernando and Officer Saul Garibay ("Defendants"), by

23  and through their counsel, hereby answer the Complaint for Damages filed by

24  Plaintiffs P.S. a Minor, by and through his Guardian Ad Litem, Aphrodite St. Ores,

25  and R.R., a Minor, by and through his Guardian Ad Litem, Araceli Rodriguez

26  ("Plaintiffs"), and assert their affirmative defenses as follows:

                          **JURISDICTION AND VENUE**

27      1.      As to paragraph 1, Defendants admit that this Court has jurisdiction

28  over the subject matter of the complaint.  As to the remainder of the allegations in

                                      1

said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

2.     As to paragraph 2, Defendants admit that this Court has supplement jurisdiction over Plaintiffs' state law claims.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

3.     As to paragraph 3, Defendants admit that venue is proper in this Court. Defendants deny that they committed any unlawful actions.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

## CLAIMS STATUTE REQUIREMENT

4.     As to paragraph 4, Defendants deny that Plaintiffs filed timely Government Claims for Damages with the City of San Fernando.  Defendants admit that Plaintiffs' Government Claims were denied by the City of San Fernando on or about 2/11/21 due to being untimely.

## PARTIES

5.     As to paragraph 5, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

6.     As to paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

7.     As to paragraph 7, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

8.      As to paragraph 8, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

9.      As to paragraph 9, Defendants admit that the SFPD is a department of the City of San Fernando, a public entity duly organized and existing under the laws of the State of California.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

10.      As to paragraph 10, Defendants admit the allegations contained therein.

11.      As to paragraph 11, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

12.      As to paragraph 12, Defendants deny committing any unlawful actions (and/or inactions).  Defendants admit that Officer Garibay was acting with the consent and permission of the City.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

13.      As to paragraph 13, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

14.      As to paragraph 14, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

## FACTS COMMON TO ALL COUNTS

15.      As to paragraph 15, Defendants incorporate by reference the responses stated above as though fully set forth herein.

16.     As to paragraph 16, Defendants deny that the subject incident occurred at the date and time alleged.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

17.     As to paragraph 17, Defendants admit that Officer Garibay observed Plaintiffs and two additional individuals in the park prior to the subject incident.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

18.     As to paragraph 18, Defendants admit that Officer Garibay approached Plaintiffs and two additional individuals in the park prior to the subject incident, and that they denied lighting fireworks when asked by Officer Garibay.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

19.     As to paragraph 19, Defendants admit that Officer Garibay spoke with one or more individuals in the park prior to the subject incident.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

20.     As to paragraph 20, Defendants deny that Officer Garibay closely tailed the group.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

ANSWER TO COMPLAINT

21.     As to paragraph 21, Defendants deny that Officer Garibay was accompanied by any other officers when he initially contacted the group the second time, and denies that he was in his vehicle.

22.     As to paragraph 22, Defendants admit that Officer Garibay asked the group to sit on the ground.  Defendants deny the remainder of the allegations in this paragraph.

23.     As to paragraph 23, Defendants admit that Valdivia recorded part of the subject incident on a cell phone.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

24.     As to paragraph 24, Defendants admit that Officer Garibay advised Plaintiffs that they were going to be placed under custodial arrest for curfew violation.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

25.     As to paragraph 25, Defendants admit that R.R. physically resisted being placed under custodial arrest by Officer Garibay.  Defendants deny that the allegations contained in this paragraph are an accurate description of what occurred, and on that basis deny the additional allegations contained therein.

26.     As to paragraph 26, Defendants admit that P.S. interfered with Officer Garibay's attempt to arrest R.R. and physically resisted being placed under custodial arrest by Officer Garibay.  Defendants admit that R.R. was ultimately handcuffed by other officers.  Defendants deny that the allegations contained in this paragraph are an accurate description of what occurred, and on that basis deny the additional allegations contained therein.

**ANSWER TO COMPLAINT**

27.   As to paragraph 27, Defendants admit that P.S. physically resisted being placed under custodial arrest by Officer Garibay.  Defendants admit that Officer Garibay did ultimately gain control of and handcuff P.S.  Defendants deny that the allegations contained in this paragraph are an accurate description of what occurred, and on that basis deny the additional allegations contained therein.

28.   As to paragraph 28, Defendants admit that R.R. was ultimately handcuffed by other officers.  Defendants deny that the allegations contained in this paragraph are an accurate description of what occurred, and on that basis deny the additional allegations contained therein.

29.   As to paragraph 29, Defendants admit that P.S. physically resisted being placed under custodial arrest by Officer Garibay.  Defendants admit that Officer Garibay did ultimately gain control of and handcuff P.S.  Defendants deny that the allegations contained in this paragraph are an accurate description of what occurred, and on that basis deny the additional allegations contained therein.

30.   As to paragraph 30, Defendants admit the allegations contained therein.

31.   As to paragraph 31, Defendants admit that both Plaintiffs were released to their mothers after being booked.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

32.   As to paragraph 31, Defendants deny all allegations contained therein.

33.   As to paragraph 33, Defendants deny the allegations pertaining to false statements and false police reports.  As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

34.   As to paragraph 34, Defendants deny that Plaintiffs suffered injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to

the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

35.     As to paragraph 35, Defendants deny that Plaintiffs and/or Mr. Valdivia suffered injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

## FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure (42 U.S.C. § 1983)

### (Against Defendants Officer Garibay and DOES 1-10, inclusive)

36.     As to paragraph 36, Defendants incorporate by reference the responses stated above and below as though fully set forth herein.

37.     As to paragraph 37, Defendants deny that Plaintiffs were unlawfully detained, arrested, and/or searched.

38.     As to paragraph 38, Defendants deny that Plaintiffs were unlawfully detained, arrested, and/or searched.  Defendants deny that Plaintiffs were detained, arrested, and/or searched without reasonable suspicion or probable cause.

39.     As to paragraph 39, Defendants deny that Plaintiffs suffered injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

40.     As to paragraph 40, Defendants deny all allegations contained therein.

41.     As to paragraph 41, Defendants deny all allegations contained therein.

42.     As to paragraph 42, Defendants deny that Plaintiff are entitled to attorney fees.

## SECOND CAUSE OF ACTION

### Excessive Force (42 U.S.C. § 1983)

### (Against Defendants Officer Garibay and DOES 1-10, inclusive)

43.     As to paragraph 43, Defendants incorporate by reference the responses stated above and below as though fully set forth herein.

44.     As to paragraph 44, Defendants deny that Plaintiffs' constitutional rights were violated and deny that the officers used excessive force.  Defendants deny that the allegations contained in this paragraph and/or subparagraphs are an accurate description of what occurred, and on that basis deny the additional allegations contained therein.

45.     As to paragraph 45, Defendants deny all allegations contained therein.

46.     As to paragraph 46, Defendants deny all allegations contained therein.

47.     As to paragraph 47, Defendants deny that Defendant Officers used excessive force against Plaintiffs and deny that Plaintiffs suffered any injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

48.     As to paragraph 48, Defendants deny that Defendant Officers used excessive force against Plaintiffs and deny that Plaintiffs suffered any injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

49.     As to paragraph 49, Defendants deny all allegations contained therein.

50.     As to paragraph 50, Defendants deny all allegations contained therein.

51.     As to paragraph 51, Defendants deny all allegations contained therein.

52.     As to paragraph 52, Defendants deny that Plaintiff are entitled to attorney fees.

## THIRD CAUSE OF ACTION

### Malicious Prosecution (42 U.S.C. § 1983)

### (Against Defendants Officer Garibay and DOES 1-10, inclusive)

53.     As to paragraph 53, Defendants incorporate by reference the responses stated above as though fully set forth herein.

54.     As to paragraph 54, Defendants admit that Officer Garibay was acting under color of law.  Defendants deny that Plaintiffs were subjected to malicious prosecution.  As to the unnamed Doe Defendants, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation pertaining to Doe Defendants contained herein.

55.     As to paragraph 55, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that the prosecution ultimately terminated in Plaintiffs' favor and that they were found not guilty on all charges.  Defendants deny each and every additional allegation contained in this paragraph.

56.     As to paragraph 56, this paragraph states conclusions of law as to which no response is required.  To the extent that a response is required, Defendants deny all allegations contained in this paragraph.

57.     As to paragraph 57, Defendants deny that Plaintiffs suffered any injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained

1  therein, and on that basis deny each and every additional allegation contained

2  therein.

3        58.    As to paragraph 58, Defendants deny all allegations contained therein.

4        59.    As to paragraph 59, Defendants deny that Plaintiff are entitled to

5  attorney fees.

6  **FOURTH CAUSE OF ACTION**

7  **Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. §**

8  **1983)**

9  **(Against Defendant CITY)**

10        60.    As to paragraph 60, Defendants incorporate by reference the responses

11  stated above as though fully set forth herein.

12        61.    As to paragraph 61, Defendants admit the allegations contained therein.

13        62.    As to paragraph 62, Defendants admit that Defendant Garibay was

14  acting in his capacity as a City employee.  As to the unnamed Doe Defendants,

15  Defendants are without sufficient knowledge or information to form a belief as to the

16  truth of the allegations contained therein, and on that basis deny each and every

17  allegation pertaining to Doe Defendants contained herein.  Defendants deny all other

18  allegations contained herein.

19        63.    As to paragraph 63 (including all subparts), Defendants deny all

20  allegations contained therein.

21        64.    As to paragraph 64, Defendants deny all allegations contained therein.

22        65.    As paragraph 65, Defendants deny any unconstitutional policies,

23  practices, customs, and/or usages by the SFPD.  As to the remainder of the

24  allegations in this paragraph (including subparagraphs), Defendants are without

25  sufficient knowledge or information to form a belief as to the truth of the allegations

26  contained therein, and on that basis deny each and every allegation contained therein.

27

28

66.     As paragraph 66, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

67.     As paragraph 67, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation contained therein.

68.     As to paragraph 68, Defendants deny that Plaintiffs' constitutional rights were violated.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

69.     As to paragraph 69, Defendants deny all allegations contained therein.

70.     As to paragraph 70, Defendants deny all allegations contained therein.

71.     As to paragraph 71, Defendants deny all allegations contained therein.

<div align="center">

**FIFTH CAUSE OF ACTION**

**Battery (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against all Defendants)**

</div>

72.     As to paragraph 72, Defendants incorporate by reference the responses stated above and below as though fully set forth herein.

73.     As to paragraph 73, Defendants admit that Defendant Officers were acting in the course and scope of their duties as peace officers for the SFPD. Defendants deny that Plaintiffs were battered by the Defendant Officers.  To the extent that there are any additional allegations in this paragraph or subparagraphs that require a response, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

74.     As to paragraph 74, Defendants deny all allegations contained therein.

75.     As to paragraph 75, Defendants deny that Plaintiffs suffered any injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

76.     As to paragraph 76, Defendants deny all allegations contained therein.

77.     As to paragraph 77, Defendants deny that Defendant Officers committed any wrongful acts, and therefore deny that there are grounds for vicarious liability against the City. The remainder of this paragraph states conclusions of law as to which no response is required.  To the extent that a response is required, Defendants deny all allegations contained in this paragraph.

78.     As to paragraph 78, Defendants deny all allegations contained therein.

## SIXTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code §§ 815.2(a), 820(a))

### (Against all Defendants)

79.     As to paragraph 79, Defendants incorporate by reference the responses stated above and below as though fully set forth herein.

80.     As to paragraph 80, Defendants deny all allegations contained therein.

81.     As to paragraph 81, Defendants deny that Plaintiffs suffered any injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

82.     As to paragraph 82, Defendants deny that Defendant Officers committed any wrongful acts, and therefore deny that there are grounds for vicarious liability against the City. The remainder of this paragraph states conclusions of law

1  as to which no response is required.  To the extent that a response is required,

2  Defendants deny all allegations contained in this paragraph.

3    83.    As to paragraph 83, Defendants deny all allegations contained therein.

4  <center>**SEVENTH CAUSE OF ACTION**</center>

5  <center>**Intentional Infliction of Emotional Distress (Cal. Govt. Code §§ 815.2(a),**</center>

6  <center>**820(a))**</center>

7  <center>**(Against all Defendants)**</center>

8    84.    As to paragraph 84, Defendants incorporate by reference the responses

9  stated above as though fully set forth herein.

10    85.    As to paragraph 85, Defendants deny all allegations contained therein.

11    86.    As to paragraph 86, Defendants deny that Plaintiffs suffered any injuries

12  and/or damages as a result of any unlawful conduct on the part of Defendants.  As to

13  the remainder of the allegations in said paragraph, Defendants are without sufficient

14  knowledge or information to form a belief as to the truth of the allegations contained

15  therein, and on that basis deny each and every additional allegation contained

16  therein.

17    87.    As to paragraph 87, Defendants deny all allegations contained therein.

18    88.    As to paragraph 88, Defendants deny that Defendant Officers

19  committed any wrongful acts, and therefore deny that there are grounds for vicarious

20  liability against the City. The remainder of this paragraph states conclusions of law

21  as to which no response is required.  To the extent that a response is required,

22  Defendants deny all allegations contained in this paragraph.

23    89.    As to paragraph 89, Defendants deny all allegations contained therein.

24  <center>**EIGHTH CAUSE OF ACTION**</center>

25  <center>**Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1; Cal. Govt. Code**</center>

26  <center>**§§ 815.2(a), 820(a))**</center>

27  <center>**(Against all Defendants)**</center>

28

<center>13</center>
<center>**ANSWER TO COMPLAINT**</center>

90.     As to paragraph 90, Defendants incorporate by reference the responses stated above as though fully set forth herein.

91.     As to paragraph 91, Defendants deny all allegations contained therein.

92.     As to paragraph 92, Defendants deny that Plaintiffs suffered any injuries and/or damages as a result of any unlawful conduct on the part of Defendants.  As to the remainder of the allegations in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every additional allegation contained therein.

93.     As to paragraph 93, Defendants deny all allegations contained therein.

94.     As to paragraph 94, Defendants deny that Defendant Officers committed any wrongful acts, and therefore deny that there are grounds for vicarious liability against the City. The remainder of this paragraph states conclusions of law as to which no response is required.  To the extent that a response is required, Defendants deny all allegations contained in this paragraph.

95.     As to paragraph 95, Defendants deny all allegations contained therein.

96.     As to paragraph 96, Defendants deny liability, and therefore deny that Plaintiffs are entitled to statutory, compensatory, and/or punitive damages.

97.     The remainder of the Complaint, beginning with the word "WHEREFORE" constitutes a prayer for specific relief to which no answer is required.  To the extent a response is required, Defendants deny that the relief requested is proper or justified by the facts of this case.

98.     Defendants deny any and all allegations not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

99.     Defendants allege that the Complaint, and each cause of action alleged therein, does not state facts sufficient to constitute any cause of action upon which relief may be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs' Failure to Use Due Care)

100.     Defendants allege that if Plaintiffs sustained any injuries and/or damages, some or all of the injuries and/or damages were the legal result of Plaintiffs' failure to exercise due care on their own behalf at the time and place of the incident to which reference is made in the complaint, and Plaintiffs are barred from recovery for that portion of injuries and/or damages which was the result of Plaintiffs' own said failure to exercise due care.

## THIRD AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

101.     Defendants allege that Plaintiffs are barred from recovery herein as to these answering Defendants in that any damages proven to have been sustained by Plaintiffs herein would be the direct and legal result of the independent negligence and unlawful conduct of independent third parties or their agents, and not of any act or omission on the part of the answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Causation)

102.     Defendants allege that any damages sustained by Plaintiffs were the result of superseding or intervening causation by an independent and unforeseeable force which broke the chain of causation.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

103.     Defendants allege that Plaintiffs' claims for damages, in whole or in part, are barred because Plaintiffs failed to mitigate and/or reasonably mitigate their damages, if any, as required by law.

ANSWER TO COMPLAINT

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(Statutes of Limitations)**

3      104.   Defendants allege that Plaintiffs' claims are barred, in whole or in part,

4   by any and all applicable statutes of limitations, including but not limited to those set

5   forth in Code of Civil Procedure Section 335 et seq. and Government Code Section

6   900, et seq.

7

**SEVENTH AFFIRMATIVE DEFENSE**

8

**(Consent)**

9      105.   Defendants allege that Plaintiffs by their knowledge, statements, and/or

10  conduct, consented and/or acquiesced to the alleged acts and/or omissions of

11  Defendants described in the Complaint.

12

**EIGHTH AFFIRMATIVE DEFENSE**

13

**(Unclean Hands)**

14      106.   Defendants allege that Plaintiffs are precluded from recovery under the

15  doctrine of unclean hands.

16

**NINTH AFFIRMATIVE DEFENSE**

17

**(Waiver)**

18      107.   Defendants allege that Plaintiffs have waived their rights, if any, to

19  bring this action.

20

**TENTH AFFIRMATIVE DEFENSE**

21

**(Estoppel)**

22      108.   Defendants allege that Plaintiffs by their actions are estopped from

23  asserting the claims raised in the Complaint.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25

**(Privileged Conduct)**

26      109.   Defendants allege that their conduct was privileged, including but not

27  limited to by Civil Code § 47, and Defendants are therefore immune from liability

28  for Plaintiffs' claims herein.

**ANSWER TO COMPLAINT**

## TWELFTH AFFIRMATIVE DEFENSE

### (Public Employee Immunity for Malicious Prosecution)

110.   Defendants allege that a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause, pursuant to Government Code § 821.6.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Advice of Counsel)

111.   Defendants allege that they had reasonable grounds for the institution/ continuation of criminal proceedings against Plaintiffs based on their good faith reliance on the advice of counsel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Presumption of Prosecutorial Independence)

112.   Defendants allege that they are immune to Plaintiffs' malicious prosecution claim under federal law because the filing of a criminal complaint immunizes law enforcement officers from damages suffered thereafter, because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause exists for the charges filed.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Self Defense/ Defense of Others)

113.   Defendants allege that Defendants reasonably believed, in view of all the circumstances of the case, that Plaintiffs were going to harm Defendants and/or others, and the Defendants used only the amount of force reasonably necessary to protect themselves and/or others.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional Against Individuals)

114.   Defendants allege that Plaintiffs claims for punitive damages are barred, in whole or in part, because the punitive damages sought do not commensurate with

1   the harm suffered and this violates Defendants' right under the California and United

2   States Constitution to due process and the right not to be subjected to excessive

3   awards and multiple punishments.

4                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

5                  **(No Punitive Damages Against Public Entity)**

6        115.   That the City of San Fernando, as a public entity, is immune from

7   liability for punitive damages pursuant to Government Code § 818.

8                     **EIGHTEENTH AFFIRMATIVE DEFENSE**

9                      **(Good Faith/ Lack of Malice)**

10       116.   Defendants allege that at all times pertinent herein, every SFPD police

11   officer who encountered Plaintiffs was duly qualified and acting as a police officer of

12   the City of San Fernando and peace officers of the State of California; That every

13   City of San Fernando police officer was at all times mentioned herein engaged in the

14   performance of his/her regularly-assigned duties in the employment of the City of

15   San Fernando; That every other City of San Fernando police officer, at all times

16   pertinent herein, acted in good faith and without malice.

17                     **NINTEENTH AFFIRMATIVE DEFENSE**

18                      **(Statutory Liability)**

19       117.   Defendants allege that liability of a public entity and/or employee must

20   be grounded in statute.

21                     **TWENTIETH AFFIRMATIVE DEFENSE**

22                  **(Causation/ Vicarious Liability)**

23       118.   Defendants allege that injuries to Plaintiffs, if any, were in no way

24   caused by violation of any official policy, custom or practice of Defendant City of

25   San Fernando, and public entities may not be held vicariously liable for Plaintiffs'

26   alleged injuries and damages pursuant to federal law.

27                   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

28                **(Reasonable Suspicion/ Probable Cause)**

ANSWER TO COMPLAINT

119.   Defendants allege that at all times pertinent herein, there existed grounds, reasonable suspicion, and/or probable cause to question, investigate, detain, search, and/or arrest Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Search Incident to Lawful Arrest)

120.   Defendants allege that any alleged unreasonable search was conducted pursuant to a lawful arrest and/or detention and therefore a warrant was not required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Reasonable Cause)

121.   Defendants allege that at all times pertinent herein, Defendant SFPD officers had reasonable cause to believe that a public offense and/or offenses was/were being committed in their presence or had been committed.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Due Care)

122.   Defendants allege that a public employee is not liable for his or her act or omission, exercising due care, in the execution or enforcement of any law pursuant to Government Code § 820.4.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Discretionary Act Immunity)

123.   Defendants allege that a public employee is not liable for an injury resulting from his or her act or omission where the act or omission was the result of the exercise of discretion vested in him or her pursuant to Government Code § 820.2.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Comply with the Government Claims Act)

124.   Defendants allege that the complaint and each and every cause of action therein is barred against Defendants as Plaintiffs have failed to properly comply with the claims provisions, including pertaining to statutes of limitations, as set forth by

1  the California Government Code §§ 910, 911.2, 945.4, 945.6, et seq., as a

2  prerequisite to filing this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Government Code Immunities)

5  125.  Defendants allege that Plaintiffs' claims against Defendants herein are

6  barred and without merit in that Defendants are immunized from liability to

7  Plaintiffs in respect to the matters alleged in the complaint pursuant to various

8  sections of the California Government Code, including but not limited to sections

9  810 through 840.6.  (See *Hata v. Los Angeles County Harbor/UCLA Medical Center*

10  (1995) 31 Cal.App.4th 1791, 1804–06; *Brumer v. City of Los Angeles* (1994) 24

11  Cal.App.4th 983, 988 – sufficient for answer to allege that defendants are immune

12  from liability; code section need not be cited in answer).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

15  126.  Defendants allege that each City of San Fernando employee is entitled

16  to qualified immunity, and that as to any federal claims and theories of recovery, all

17  answering Defendants are protected from liability under the doctrine of qualified

18  immunity because Defendants' conduct did not violate clearly-established statutory

19  or constitutional rights of which a reasonable person would have known.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

22  127.  Defendants allege that because of lack of information as to the matters

23  alleged in the Complaint, Defendants may not have sufficient knowledge upon which

24  to form a belief as to whether additional, as yet unstated, affirmative defenses exist,

25  and hereby reserve the right to assert such additional affirmative defense(s) in the

26  event subsequent discovery indicates that the same are proper.

## PRAYER FOR RELIEF

1

WHEREFORE, Defendants pray for relief as follows:

2

1.    That Plaintiffs take nothing by their Complaint and that judgment be

3

rendered in favor or Defendants;

4

2.    That the Complaint, and each of the purported causes of action, be

5

dismissed in its entirety with prejudice;

6

3.    For costs of suit and attorneys' fees; and

7

4.    For such other and further relief as the Court deems just and proper.

8

9

## **DEMAND FOR JURY TRIAL**

10

Defendants hereby respectfully demand a trial by jury on all issues, claims,

11

and defenses.

12

13

Dated:  August 6, 2021          ALDERMAN & HILGERS, LLP

14

/s/ *Allison R. Hilgers*

15

By: _____

16

DANIEL S. ALDERMAN

ALLISON R. HILGERS

17

Attorneys for Defendants, CITY OF SAN

18

FERNANDO and OFFICER SAUL

GARIBAY

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**

## PROOF OF SERVICE

### P.S., a minor, et al., v. City of San Fernando

### USDC:  2:21-cv-04918 PA (PVCx)

I, the undersigned, declare I am over the age of 18 and not a party to this action.  My business address is at 1150 S. Olive Street, Suite 1800, Los Angeles, California 90015.

On August 6, 2021, I served:  **ANSWER TO COMPLAINT** via electronic copy, addressed the parties listed below:

Peter L. Cruz, IV, Esq.
Na'Shaun L. Neal, Esq.
Lauren K. McRae, Esq.
PLC LAW GROUP, APC
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA  90008
pcarr@thePLClawgroup.com
nneal@thePLClawgroup.com
lmcrae@thePLClawgroup.com

☒   BY EMAIL TRANSMISSION: I caused the abovementioned document(s) to be transmitted by email to the address(es) listed above at their respective email address(es) as listed and described below.  I am readily familiar with this offices practice for transmission by email. Under that practice transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error.  In sending the foregoing documents by email, I followed this office's ordinary business practices.  The sending email address is  *mfranco@ahcalaw.com*

☒   FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 6, 2021, at Los Angeles, California.

/s/ *Martha Franco*

By: _____

Martha Franco                    \0509\0509ACD.806

22

ANSWER TO COMPLAINT