JS-6 (CV 21-10035 Only)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4918 PA (PVCx) <br> CV 21-10035 PA (PVCx) | Date | April 11, 2022 |
|---|---|---|---|
| Title | P.S., et al. v. City of San Fernando, et al. <br> Jonathan Valdivia v. Saul Garibay, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before the Court is a Motion to Consolidate filed by plaintiffs P.S. and R.R. (collectively "Plaintiffs") (Docket No. 46). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 4, 2022, is vacated, and the matter taken off calendar.

     Plaintiffs, who are minors appearing through their guardians ad litem and are represented by counsel, commenced this action on June 16, 2021. The Complaint arises out of an alleged incident involving Plaintiffs, Jonathan Valdivia ("Valdivia"), who is the plaintiff in Valdivia v. Garibay, CV 21-4918 PA (PVCx) (the "Valdivia Action"), and members of the City of San Fernando's Police Department ("SFPD"). The Complaint alleges that the incident occurred on July 4, 2019. Plaintiffs' Complaint in this action asserts claims for: (1) unreasonable search and seizure pursuant to 42 U.S.C. § 1983; (2) excessive force pursuant to 42 U.S.C. § 1983; (3) malicious prosecution pursuant to 42 U.S.C. § 1983; (4) unconstitutional custom, policy, or practice against the City of San Fernando pursuant to 42 U.S.C. § 1983; (5) battery; (6) negligence; (7) intentional infliction of emotional distress; and (8) violation of California's Bane Act. The Complaint named as defendants the City of San Fernando (the "City") and SFPD officer Saul Garibay ("Garibay"), plus Doe defendants.

     Valdivia, who is represented by the same counsel representing P.S. and R.R., filed his Complaint on December 30, 2021. Valdivia's Complaint alleges claims for unreasonable search and First Amendment retaliation pursuant to 42 U.S.C. § 1983 against Garibay and SFPD

JS-6 (CV 21-10035 Only)

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4918 PA (PVCx)<br>CV 21-10035 PA (PVCx) | Date | April 11, 2022 |
|---|---|---|---|
| Title | P.S., et al. v. City of San Fernando, et al.<br>Jonathan Valdivia v. Saul Garibay, et al. | | |

officers Frazier Godinez and Armando Patino.[1/] The Court issued a Civil Trial Scheduling Order in Case No. CV 21-4918 PA (PVCx) on September 8, 2021. On February 14, 2022, after the parties in Case No. CV 21-4918 PA (PVCx) stipulated to a continuance of the pretrial and trial dates set by the Court, the Court continued the pretrial and trial dates and ordered that the Valdivia Action would have the same pretrial and trial dates.

      Plaintiffs now seek to consolidate Case No. CV 21-4918 PA (PVCx) and Case No. CV 21-10035 PA (PVCx). Defendants have filed an Opposition in which they contend that because Case No. CV 21-4918 PA (PVCx) involves the claims of a different plaintiff, at least one legal theory that is not asserted in Case No. CV 21-4918 PA (PVCx), and defendants not named in Case No. CV 21-4918 PA (PVCx), the Court should not consolidate the two matters. Federal Rule of Civil Procedure 42 provides:

> If actions before the court involve a common question of law or fact, the court may:
> (1)    join for hearing or trial any or all matters at issue in the actions;
> (2)    consolidate the actions; or
> (3)    issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). A district court generally has broad discretion whether to consolidate actions. See Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008). The Court must balance the saving of time and effort against any inconvenience, delay, expense, or prejudice that it would cause. See Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). "The moving party has the burden of persuading the court that consolidation is proper." Kjaer v. Home Gambling Network, Inc., Cv. Nos. S-06-00103-KJD (PAL), S-05-0610-DAE (LRL), 2009 WL 10710271, at *4 (D. Nev. Apr. 22, 2009) (citing Watkinson v. Great Atl. & Pac. Tea Co., Inc., 585 F. Supp. 879, 883 (E.D. Pa. 1984)).

      "The existence of common issues, while a prerequisite to consolidation, does not compel consolidation." Dodaro v. Standard Pac. Corp., No. EDCV 09-1666-VAP (Opx), 2009 WL 10673229, at *3 (C.D. Cal. Nov. 16, 2009) (citing Dusky v. Bellasaire Invs., No. SACV07-874

---

[1]     According to the City, Godinez and Patino retired from SFPD prior to Valdivia's filing of his Complaint.

**JS-6 (CV 21-10035 Only)**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-4918 PA (PVCx)<br>CV 21-10035 PA (PVCx) | Date | April 11, 2022 |
| Title | P.S., et al. v. City of San Fernando, et al.<br>Jonathan Valdivia v. Saul Garibay, et al. | | |

DOC (ANx), 2007 WL 4403985, at *1 (C.D. Cal. Dec. 4, 2007)).  Even where claims are identical, distinct underlying facts may give rise to different defenses and legal issues, which would weigh against consolidation.  See id.; see also Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977) ("[T]he mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation.").

      In light of the fact that the two actions pose common questions of law and fact, Court has already ordered that the pretrial and trial dates in the two matters shall be the same, and the limited likelihood of juror confusion that could result from the differing standards applicable to federal and state law claims because the Court has already indicated that it is likely to try only the federal claims and then decline to exercise supplemental jurisdiction over the state law claims asserted in Case No. CV 21-4918 PA (PVCx), the Court concludes that formal consolidation is appropriate at this stage of the proceedings.  The Court therefore grants the Motion to Consolidate.  The Complaint filed in the Validivia Action shall be deemed filed in Case No. CV 21-4918 PA (PVCx).  All future documents, including defendants' response to the Complaint in the Valdivia Action, shall be filed only in Case No. CV 21-4918 PA (PVCx).  The Court administratively closes Case No. CV 21-10035 PA (PVCx).

      IT IS SO ORDERED.